IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW PFENNIG, et al.,

      Plaintiffs,                      No. CIV S-08-2740 JAM EFB

     vs.

CITY OF REDDING, et al.,          <u>ORDER TO SHOW CAUSE</u>

      Defendants.

         On October 2, 2009, defendants filed a motion for sanctions under Federal Rule of Civil Procedure 37 "dismissing the action by plaintiffs Robert Beaulieu, Jr. and Alicia Dumlao and the minor children Robert Beaulieu III and Joseph Beaulieu by and through their guardians ad litem Robert Beaulieu Jr. and Alicia Dumlao [("plaintiffs")] in its entirety." Dckt. No. 21 at 1-2. In the alternative, defendants seek to compel plaintiffs to respond to each defendant's Interrogatories, Set No. One, and for monetary sanctions. *Id. at 2.*

         Court records reflect that plaintiffs have not filed a response to defendants' motion. Eastern District of California Local Rule ("Local Rule") 37-251(e) governs defendants' motion since defendants assert that plaintiffs have completely and totally failed to respond to their discovery requests. Pursuant to Local Rule 37-251(e), plaintiffs were required to "file a response [to defendants' motion] not later than five (5) court days prior to the hearing date [in this instance, by October 28, 2009], accompanied by proof of personal service not less than five (5)

1

court days preceding the hearing date or by proof of mailed or electronic service not less than eight (8) court days preceding the hearing date."

Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of November 4, 2009 on defendants' motion is continued to December 9, 2009, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiffs shall show cause, in writing, no later than November 18, 2009, why sanctions should not be imposed for failure to timely file a response to defendants' motion.

3. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than November 18, 2009.

4. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in the granting of defendants' motion and/or the imposition of sanctions, including a recommendation of dismissal, as requested by defendants.

5. Defendants may file a reply in support of the motion on or before November 25, 2009.

SO ORDERED.

DATED: October 30, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE